DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, the city of Oregon, has filed a motion to dismiss this appeal for the reason that appellant, James Muranyi, did not file it on time. Muranyi filed a response alleging that he did timely file his appeal.
{¶ 2} The record shows that Muranyi filed a notice of appeal on December 23, 2005, in which he states he is appealing from an order of the trial court which was entered on the court's journal on November 22, 2005. There is a notation, dated November 22, 2005, on the trial court's docket that states:
{¶ 3} "SVR: FINAL APPEAL ORDER MAILED COPY OF FINAL APPEAL ORDER SENT ORDINARY MAIL TO: (SEE MAIL LOG) DAVID WILEY ESQ 624 MAIN STREET TOLEDO OHIO 43605 PAUL BONFIGLIO ESQ 420 MADISON AVE STE 1102 TOLEDO OHIO 43604"
{¶ 4} App.R. 4(A) states:
{¶ 5} "(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
{¶ 6} Civ.R. 58(B) states:
{¶ 7} "(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. * * *."
{¶ 8} Thus, it appears that the December 23, 2005 notice of appeal was filed one day late since 30 days from Wednesday, November 23, 2005, is Thursday, December 22, 2005.
{¶ 9} Muranyi's memorandum in opposition to the motion to dismiss states that despite the notation on the appearance docket that the clerk served him with notice of the judgment by mail on November 22, 2005, "the envelope that the clerk mailed to Plaintiff/Appellant's counsel containing the final appealable order * * * was mailed on November 28, 2005." A copy of the envelope is attached to the memorandum and clearly shows a postmark date of November 28, 2005. Thus, service of the final judgment was not made until November 28, 2005, since service is complete upon mailing. Civ.R. 5(B).
{¶ 10} The notice of appeal was, therefore, timely filed and the court denies the motion to dismiss.
Handwork, J., Singer, P.J., Skow, J., concur.